MR. CHIEF JUSTICE TURNAGE,
dissenting:
I respectfully dissent from the majority opinion and would affirm the District Court.
The District Court Finding of Fact Nos. 5 and 18 state:
“5. That on August 30, 1979, Plaintiff and Defendant school district, through its Board of Trustees, executed a written contract, prepared by Defendant, whereby Plaintiff was employed to supervise the school of the Defendant district for the school term of 1979-1980, consisting of 220 days and seven (7) pupil instruction related days, for a total compensation of $20,000.00, payable over a 12-month period, plus a housing allowance of $125.00 per month.”
“18. That Plaintiff testified that he would have accepted the job for the 1980-1981 school term, had it been offered to him, but he made no request of the school board, nor did he notify the Defendant that he would so accept, or that he in fact wanted it. Plaintiff left Wyola on June 11, 1980, leaving his forwarding address, and leaving several reports and applications for funds unfinished.”
The District Court’s Conclusion of Law No. 1 states:
“1. That Plaintiff breached and did not fully perform his contract with the Defendant for the school year 1979-1980 in that he performed only 193 of the required 227 days of service; that Plaintiff was not entitled to a day’s credit for service performed on Saturdays or Sundays during the school year, or for a day’s credit for school board meetings that extended past midnight; that such interpretation was not intended by the contracting parties and was not later approved by the Defendant.”
The first issue presented on appeal is whether the 1979-1980 contract was fully performed. I do concur with the majority in their disposition of the first issue as expressed by the majority:
“The first issue presented on appeal is whether the 1979-1980 contract was fully performed. There is no dispute that Hurtt left Wyola June 11, 1980, leaving unfinished work behind. We will not disturb *422 the District Court’s findings and conclusions when they are adequately supported by the evidence. Bartel v. State (Mont. 1985), [217 Mont. 380,] 704 P.2d 1067, 1076, 42 St. Rep. 1, 10.”
This issue and its disposition as articulated by the majority is dis-positive of the entire case.
Appellant breached his contract with respondent by failing to complete his obligation to perform 227 days service and performed only 193 days service and in leaving his employment without completing several reports and applications critical to the interest of the school district. He clearly breached his contract and is entitled to no further notice of its non-renewal.
The judgment of the District Court should be affirmed.
MR. JUSTICES HARRISON and GULBRANDSON join in the foregoing dissent of MR. CHIEF JUSTICE TURNAGE.